# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

_____

IGNACIO REYNOSO,

        Plaintiff,

    v.

SELSKY et al,

        Defendants.

_____

**DECISION & ORDER**
02-CV-6318 CJS

## APPEARANCES

For plaintiff:        Ignacio Reynoso *pro se*
                             86-A-5178
                             Great Meadow Correctional Facility
                             Box 51
                             Comstock, NY 12821-0051

For defendants:      J. Richard Benitez, A.A.G.
                             New York State Office of the Attorney General
                             144 Exchange Boulevard
                             Suite 200
                             Rochester, NY 14614

## INTRODUCTION

Before the Court is Plaintiff's motion (Docket No. 66) pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from a Decision and Order (Docket No. 53) entered by the Court on April 30, 2007, granting Defendants summary judgment. For the reasons stated below, Plaintiff's application is denied.

## BACKGROUND

In its initial Decision and Order (# 5), the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and dismissed his Equal Protection claims, dismissed his Eighth Amendment and due process claims pertaining to a three-day

water deprivation order, dismissed his denial of parole release and time allowance claims, dismissed his conspiracy claim under 28 U.S.C. § 1985, and dismissed his due process claim concerning the January 11, 1999, Elmira Correctional Facility disciplinary hearing. The Court allowed plaintiff's due process claims pertaining to the February 25, 1999, and March 2001 disciplinary hearings to proceed.

On April 27, 2007, the Court granted summary judgment to Defendants. Plaintiff appealed, and on September 10, 2008, the United States Court of Appeals for the Second Circuit reversed the Court's decision in part, writing,

> As the Appellees admirably concede, there is a genuine issue of material fact that precludes summary judgment on the Appellant's due process claim against Correction Officer Held arising out of the March 2001 disciplinary proceeding….Overlapping disciplinary penalties may, under some circumstances, have to be aggregated for purposes of determining whether a liberty interest was violated.

*Reynoso v. Selsky*, 292 Fed. Appx. 120, 122, 2008 WL 4162921, 1 (2d Cir. Sept. 10, 2008). The remainder of this Court's decision was affirmed, and only the claim against Correction Officer Held was remanded for further consideration. *Id*. at 5. The Court held a video conference with Plaintiff and defense counsel on March 30, 2009, where settlement was discussed, and subsequently issued a new scheduling order, requiring, *inter alia*, that motions be due by June 30, 2009. That due date was extended by the Court on May 7, July 13, August 3, September 30 and October 29, 2009, all at Defendants' request. The latest due date for motions is December 30, 2009.

In his Rule 60(b) motion, Plaintiff argues that, "the decision of this Court of April 27, 2007 is void—a reversal is required." (Reynoso Aff. In Support For Void Judgment Rules 60(b)(4)(5)(6) (Jun. 30, 2009) ¶ 16.)

## STANDARDS OF LAW

The Second Circuit has held that under the doctrine of the "law of the case," the district court can no longer reconsider an issue already decided by the appellate court:

> Although rulings of the district court are subject to revision by that court "at any time before the entry of final judgment," Fed. R. Civ. P. 54(b); *accord Cullen v. Margiotta*, 811 F.2d 698, 708 (2d Cir.1987), *overruled on other grounds Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987), under law of the case a trial court cannot reconsider on remand an issue decided by an appellate court, *see Insurance Group Comm. v. Denver & Rio Grande W. R.R.*, 329 U.S. 607, 612 (1947).

*Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 148–49 (2d Cir. 1999).

## ANALYSIS

To the extent Plaintiff is seeking review of a decision already affirmed by the appellate court and on remand to this Court, his application must be denied. *Rezzonico*, 182 F.3d 144. The only issue remaining is whether Plaintiff waived his right to be present at his March 2001 disciplinary hearing and whether Corrections Officer Held actually went to Plaintiff's cell to inform him of the hearing and whether Plaintiff refused to attend it. *Reynoso*, 292 Fed. Appx. at 123, 2008 WL 4162921, at 2.

## CONCLUSION

Plaintiff's motion (Docket No. 66) pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from a Decision and Order (Docket No. 53) is denied. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the

United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the

Federal Rules of Appellate Procedure.

DATED: November 23, 2009
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge