# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

_____

IGNACIO REYNOSO,

                Plaintiff,                      DECISION & ORDER
                                              02-CV-6318 CJS

      v.

SELSKY et al,

                Defendants.

_____

## APPEARANCES

For plaintiff:                Ignacio Reynoso *pro se*
                                86-A-5178
                                Great Meadow Correctional Facility
                                Box 51
                                Comstock, NY 12821-0051

For defendants:            Debra A. Martin, A.A.G.
                                J. Richard Benitez, A.A.G.
                                  New York State Office of the Attorney General
                                144 Exchange Boulevard, Suite 200
                                Rochester, NY 14614

## INTRODUCTION

Before the Court is Plaintiff's motion (Docket No. 80) seeking entry of judgment under Federal Rules of Civil Procedure 11, 54(b), 54(c), 54(o) [sic] and 55. Further, Plaintiff seeks sanctions under Rule 54(h) [sic] and 11 as well as recusal of the undersigned. For the reasons stated below, Plaintiff's motion is denied in its entirety.

## BACKGROUND

In its initial Decision and Order (Docket No. 5), filed on July 18, 2002, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and

dismissed his Equal Protection claims, dismissed his Eighth Amendment and due process claims pertaining to a three-day water deprivation order, dismissed his denial of parole release and time allowance claims, dismissed his conspiracy claim under 28 U.S.C. § 1985, and dismissed his due process claim concerning the January 11, 1999, Elmira Correctional Facility disciplinary hearing. The Court allowed Plaintiff's due process claims pertaining to the February 25, 1999, and March 2001 disciplinary hearings to proceed.

On April 27, 2007, the Court granted summary judgment to Defendants. Plaintiff appealed, and on September 10, 2008, the United States Court of Appeals for the Second Circuit reversed the Court's decision in part, writing,

> As the Appellees admirably concede, there is a genuine issue of material fact that precludes summary judgment on the Appellant's due process claim against Correction Officer Held arising out of the March 2001 disciplinary proceeding.…Overlapping disciplinary penalties may, under some circumstances, have to be aggregated for purposes of determining whether a liberty interest was violated.

*Reynoso v. Selsky*, 292 Fed. Appx. 120, 122, 2008 WL 4162921, 1 (2d Cir. Sept. 10, 2008). The remainder of this Court's decision was affirmed, and only the claim against Correction Officer Held was remanded for further consideration. *Id*. at 5. The Court held a video conference with Plaintiff and defense counsel on March 30, 2009, where settlement was discussed, and subsequently issued a new scheduling order, requiring, *inter alia*, that motions be due by June 30, 2009. That due date was extended by the Court on May 7, July 13, August 3, September 30 and October 29, 2009, all at Defendants' request.

On December 7, 2009, Plaintiff filed a notice of interlocutory appeal from this Court's Decision and Order (Docket No. 73) denying reconsideration of the Court's original

Decision and Order (Docket No. 53) granting summary judgment to Defendants and denying Plaintiff's cross-motion for summary judgment. The appeal is still pending. On February 19, 2010, the Court entered a Letter Order (Docket No. 79) granting Defendants' request for a further extension of the motion schedule, requiring Defendant's response to Plaintiff's motion for summary judgment (Docket No. 74) not later than sixty days following the Second Circuit's decision on the interlocutory appeal, and staying consideration of Plaintiff's pending motion. On March 3, 2010, Plaintiff filed what the Clerk termed as "Plaintiff's Objections to Order re: 79, Request for Judgment Under Rule 11 and Recusal of the Judge" (Docket No. 80).

## STANDARDS OF LAW

### Interlocutory appeal

Normally, the filing of a Notice of Appeal from a final judgment automatically stays the case in the district court. *New York State Nat. Organization for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989). However, as with the situation here,

> Congress permits, as an exception to the general rule, an immediate appeal from an interlocutory order that either grants or denies a preliminary injunction. In such case the matter does not leave the district court, but proceeds there on the merits, unless otherwise ordered. *Ex parte National Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906); *Thomas v. Board of Educ., Granville Central School Dist.*, 607 F.2d 1043, 1047 n. 7 (2d Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980). Further, we have held that the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal. *See Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966, 972-73 (2d Cir. 1975) (settled rule depriving district court of jurisdiction during appeal inapplicable where two independent proceedings involved), *cert. denied*, 426 U.S. 936 (1976); 9 Moore's Federal Practice ¶ 203.11 at 3-54 (2d ed. 1989).

*Id*.

***Recusal***

Title 28 U.S.C. § 455 provides, in relevant part, as follows: "(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." As a general matter, recusal motions are committed to the discretion of the judge, being asked to disqualify himself, who is enjoined to "weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case. Litigants are entitled to an unbiased judge, not to a judge of their choosing." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir.1988) (citation omitted), *cert. denied sub nom.* Milken v. S.E.C., 490 U.S. 1102 (1989). Moreover, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *Id.* at 1312 (citation omitted). Recusal motions should not be used as strategic devices to judge shop or delay the proceedings. *Lamborn v. Dittmer*, 726 F. Supp. 510, 515 (S.D.N.Y. 1989).

It is well settled that all subsections of § 455 are construed to require a timely application, which our Circuit reads as a "threshold" issue—*i.e.*, one to be evaluated before matters of substance are reached. *Apple v. Jewish Hospital and Medical Center*, 829 F.2d 326, 333 (2d Cir. 1987). In *United States v. Brinkworth*, 68 F.3d 633, 639-40 (2d Cir. 1995), the Second Circuit, relying on *Apple*, 829 F.2d at 333, stated that, in general, one seeking disqualification must do so "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim" of disqualification. *Accord*, *Gil Enters., Inc. v. Delvy*, 79 F.3d 241, 247 (2d Cir.1996). Thus, "[u]ntimeliness…is…a failure to seek

recusal when it should first have been sought, that is, as soon as the facts on which it is premised are known to the parties." *United States v. Bayless*, 201 F.3d 116, 127 (2d Cir. 2000), *cert. denied*, 529 U.S. 1061 (2000). Moreover, "untimeliness in making a motion for recusal can sometimes constitute the basis for finding an implied waiver." *Id*. The Second Circuit has written that, in the context of ongoing litigation, this timeliness requirement serves two functions:

> First, a prompt application affords the district judge an opportunity to assess the merits of the application before taking any further steps that may be inappropriate for the judge to take. Second, a prompt application avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters.

*In re IBM Corp.*, 45 F.3d 641, 643 (2d Cir. 1995). In deciding whether a recusal motion is timely, courts must "apply a four-factor test which asks whether: (1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for delay." *Apple*, 829 F.2d at 334 (citations omitted).

If the Court determines that the recusal motion is timely, it must then address the merits of the application. In that regard, the relevant inquiry is: "Would a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *Bayless*, 201 F.3d at 127; *accord*, *Diamondstone v. Macaluso*, 148 F.3d 113, 120-21 (2d Cir. 1998). The standard is "designed to promote public confidence in the impartiality of the judicial process." *In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1313

(quoting H.R. Rep. No. 93-1453, at 5 (1974), reprinted in 1974 U.S.C.C.A.N. 6351, 6354-55). "Nevertheless, the existence of the appearance of impropriety is to be determined not by considering what a straw poll of the only partly informed man-in-the-street would show, but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge." *Bayless*, 201 F.3d at 126-27 (citation and internal quotations omitted).

Furthermore, although the "extrajudicial source" doctrine applies to recusal motions under 28 U.S.C. § 455(a), "[t]he fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias or prejudice' recusal.... Nor is it a *sufficient* condition for [such] recusal...." *Liteky v. United States*, 510 U.S. 540, 554 (1994) (emphasis in original). In other words, the "presence of an extrajudicial source [does not] necessarily establish bias, nor [does] the absence of an extrajudicial source necessarily preclude [] bias." *Id*. In any event, "[j]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id*. Instead, the judge's rulings should constitute grounds for appeal, not for recusal. *Id*. Further, opinions formed by the judge that are based on the evidence in the case or events occurring during the proceedings do not constitute a basis for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id*. Further, expressions of impatience, annoyance, dissatisfaction, and even anger, do not establish bias or partiality. *United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997).

**ANALYSIS**

As the Court previously determined, to the extent Plaintiff is seeking review of a decision already affirmed by the Second Circuit, his application must be denied. *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144 (2d Cir. 1999). The only issue remaining is whether Plaintiff waived his right to be present at his March 2001 disciplinary hearing and whether Corrections Officer Held actually went to Plaintiff's cell to inform him of the hearing and whether Plaintiff refused to attend it. *Reynoso v. Selsky*, 292 Fed. Appx. 120 (2d Cir. Sept. 10, 2008). Accordingly, to the extent Plaintiff seeks entry of judgment on this issue, his application is denied.

With regard to granting Defendants' request for a further extension, the Court notes that the request was filed prior to the expiration of the due date and is reasonable considering that the latest delay is created by Plaintiff's interlocutory appeal and defense counsels' need to send their file to another city to handle the appeal, then return that file to Rochester once the Second Circuit has ruled on the interlocutory appeal.

Finally, with regard to recusal, Plaintiff relies on this Court's prior rulings in his other lawsuits, which he claims have all been unfavorable to him. The first, *Reynoso v. Swezey*, No. 99-CV-6368 (W.D.N.Y. Mar. 29, 2006), *aff'd*, No. 06-1835-pr (2d Cir. Jun. 25, 2007), was decided by the Honorable David G. Larimer of this Court, and affirmed by the Court of Appeals. In the other, *Reynoso v. Napoli*, No. 08-CV-6406 (W.D.N.Y. Mar. 20. 2009), this Court adopted a Report and Recommendation by the Honorable Victor E. Bianchini, United States Magistrate judge, adopting that Report, which recommended that the plaintiff's objection to transfer of his *habeas corpus* petition to the Southern District of New York, should be denied. Plaintiff filed a Notice of Appeal on April 2, 2009, and the docket

does not reflect any appellate decision, or even that the appeal has been perfected. Nothing in the two prior decisions support's Plaintiff's motion to recuse.

Plaintiff also objects to the length of time this lawsuit has been pending. The initial complaint was filed in the Northern District of New York, and on June 12, 2002, was transferred to this Court. Approximately one month later, the Court issued its initial order, discussed above, dismissing some of the claims and granting *in forma pauperis* status to Plaintiff. Answers were filed in October 2002, and discovery proceeded. The Clerk issued an Order to Show Cause to Plaintiff on September 17, 2003, after six months of inactivity. Based on Plaintiff's response, the Court determined on November 20, 2003, that the case would proceed and directed the Clerk to send Plaintiff the Court's booklet, "Pro Se Litigation Guidelines." The Court denied Plaintiff's motion to appoint counsel, and on October 12, 2005, after almost a year of inactivity on the case, referred it to United States Magistrate Judge Jonathan W. Feldman for supervision of discovery.

Discovery continued through about mid-2006. Then on May 11, 2006, Defendants filed their motion for summary judgment, and on July 20, 2006, Plaintiff filed his cross-motion, also seeking summary judgment. On April 27, 2007, the Court entered the Decision and Order denying Plaintiff's cross-motion and granting summary judgment to Defendants, from which Plaintiff successfully appealed. The Second Circuit's mandate was entered on October 24, 2008, and the Court held a settlement conference with Plaintiff and defense counsel by video on March 3, 2009. Thereafter, the Court set a briefing schedule for dispositive motions, and granted several requests for adjournment made by Defendants because case counsel left the Rochester Attorney General's Office and new counsel took over this matter. Finally, on December 7, 2009, Plaintiff filed his notice of interlocutory

appeal and the Court, at Defendants' request, stayed the pending motion until after the Second Circuit's decision.

Although this case is not a model of efficient prosecution of a civil rights claim, the delays have been caused by both sides in this litigation, and Plaintiff's latest appeal, which the Court finds is repetitive of his prior, successful appeal, only delays this case further, since the matter on appeal is the only claim left in this lawsuit. Nothing in this history of the case, of Plaintiff's application (Docket No. 80), indicates that the Court should recuse itself from presiding over this matter.

## CONCLUSION

Plaintiff's motion (Docket No.80) for judgment and for recusal is denied. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

DATED:   March 30, 2010
             Rochester, New York

                    ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge