# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

_____

IGNACIO REYNOSO, 86A5178

                Plaintiff,                     DECISION & ORDER
                                                          02-CV-6318 CJS

      v.

SELSKY et al,

                Defendants.

_____

## APPEARANCES

For plaintiff:                      Ignacio Reynoso *pro se*
                                        DIN: 86-A-5178 / A019401984
                                        Buffalo Federal Detention Center
                                        4250 Federal Drive
                                        Batavia, NY 14020

For defendants:                  J. Richard Benitez, A.A.G.
                                        New York State Office of the Attorney General
                                        144 Exchange Boulevard, Suite 200
                                        Rochester, NY 14614

## INTRODUCTION

**Siragusa, J.** Before the Court is Plaintiff's motion (Doc. No. 74) for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. The Defendants have filed a motion (Doc. No. 83) to dismiss pursuant to Rule 41(b) and Local Rule 5.2(d) for Plaintiff's failure to prosecute. For the reasons stated below, Plaintiff's motion is denied and Defendants' motion is granted.

## BACKGROUND

In its initial Decision and Order (Doc. No. 5), filed on July 18, 2002, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and

dismissed his Equal Protection claims, his Eighth Amendment and due process claims pertaining to a three-day water deprivation order, his denial of parole release and time allowance claims, his conspiracy claim under 28 U.S.C. § 1985, and dismissed his due process claim concerning the January 11, 1999, Elmira Correctional Facility disciplinary hearing. The Court allowed Plaintiff's due process claims pertaining to the February 25, 1999, and March 2001 disciplinary hearings to proceed. On April 27, 2007, the Court granted summary judgment to Defendants (Doc. No. 53). Plaintiff appealed, and on September 10, 2008, the United States Court of Appeals for the Second Circuit reversed the Court's decision in part, writing,

> As the Appellees admirably concede, there is a genuine issue of material fact that precludes summary judgment on the Appellant's due process claim against Correction Officer Held arising out of the March 2001 disciplinary proceeding.…Overlapping disciplinary penalties may, under some circumstances, have to be aggregated for purposes of determining whether a liberty interest was violated.

*Reynoso v. Selsky*, 292 Fed. Appx. 120, 122, 2008 WL 4162921, *1 (2d Cir. Sept. 10, 2008). The remainder of this Court's decision was affirmed, and only the claim against Correction Officer Held was remanded for further consideration. *Id.* at 5. The Court held a video conference with Plaintiff and defense counsel on March 30, 2009, wherein settlement was discussed, and the Court subsequently issued an amended scheduling order, requiring, *inter alia*, that motions be filed by June 30, 2009. That date was extended by the Court on May 7, July 13, August 3, September 30 and October 29, 2009, all at Defendants' request. On December 7, 2009, Plaintiff filed a notice of interlocutory appeal from this Court's Decision and Order (Doc. No. 73) denying reconsideration of the Court's original Decision and Order (Doc. No. 53) granting summary judgment to Defendants and

denying Plaintiff's cross-motion for summary judgment. That appeal was dismissed by the Second Circuit on June 1, 2010 (Doc. No. 82).

On February 19, 2010, the Court entered an Order (Doc. No. 79) granting Defendants' request for a further extension of the dispositive motion deadline, requiring Defendant's response to Plaintiff's motion for summary judgment (Doc. No. 74) be filed no later than 60 days following the Second Circuit's decision on the interlocutory appeal, and staying consideration of Plaintiff's pending motion. On March 3, 2010, Plaintiff filed what the Clerk termed as "Plaintiff's Objections to Order re: 79, Request for Judgment Under Rule 11 and Recusal of the Judge" (Doc. No. 80). The Court denied the "Objections" motion (Doc. No. 81).

Presently, Defendants contend that Plaintiff has failed to update his address as required by the Federal and Local Rules of Civil Procedure (Doc. No. 84). Plaintiff was discharged from the New York State Department of Corrections on March 23, 2010, and released to the custody of Immigration and Customs Enforcement ("ICE") where he was detained pending deportation. *See* Inmate Population Information Search, http://nysdocslookup.docs.state.ny.us/ (last visited Jul. 13, 2011). On April 22, 2010, Plaintiff's mail from the Court was returned as undeliverable. Defendants argue that because there is no longer a record of Plaintiff in the ICE Detainee Locator System, he has presumably been deported to his native country, Dominican Republic.  In an effort to determine Plaintiff's circumstances, the Court contacted immigration authorities, and was advised that Plaintiff was deported to Dominican Republic on April 7, 2010. The ICE Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do (last visited Jul. 13, 2011), only contains the names of detainees currently in ICE custody and those who have

been released within the last 60 days. Because Plaintiff was removed from the United States well over one year ago, his name and A-number (019401984) with a birth country of Dominican Republic are not currently in the online system.  Plaintiff has not responded in opposition to the Defendants' motion and likewise has not contacted the Court since April 1, 2010, nor provided the Court with a current address as required by Loc.R.Civ.P. 5.2(d).

## STANDARDS OF LAW

### *Failure to Prosecute: Federal Rule 41(b)*

Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). Since a Rule 41(b) dismissal is considered to be a  "harsh remedy," it is "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Furthermore, where the plaintiff is *pro se*, "courts 'should be especially hesitant to dismiss for procedural deficiencies ....'" *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (quoting *Lucas*, 84 F.3d at 535); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2006). In determining whether dismissal for failure to prosecute is appropriate, the Second Circuit has instructed that the reviewing court should consider the following five factors:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions.

*Alvarez v. Simmons Market Research Bureau Inc.*, 839 F.2d 930, 932 (2d Cir.1988) (citing

*Harding v. Federal Reserve Bank of N.Y.*, 707 F.2d 46, 50 (2d Cir.1983)).

When the deportation of a party provides the basis for an adversary's Rule 41(b) motion, these same five factors should be considered. *Kele v. Pelkey*, No. 03-CV-170 (LEK/GHL), 2006 WL 581144, at *2-3 (N.D.N.Y. Mar. 8, 2006).

### Local Rule 5.2(d)

Local Rule 5.2(d) provides that a "party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant." The rule further requires that "the Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." *See, e.g., Lowmack v. Napoli*, No. 07–CV–0200 (RJA )(VEB), 2011 WL 1560930 (W.D.N.Y. Apr. 5, 2011) (dismissing habeas proceeding pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon Petitioner's failure to comply with the Court's scheduling orders, his failure to prosecute the action, and his failure to comply with Local Rule 5.2(d)).

## ANALYSIS

Here, Plaintiff has failed to communicate with the Court since April 1, 2010, when he updated his address to the Buffalo Federal Detention Center. Since his deportation, Plaintiff has failed to comply with his obligation to maintain a current address to permit the orderly progression of the case under Local Rule 5.2(d). *Cf. Brown v. Wright*, No. 05-CV-82 (FJS/DRH), 2008 WL 346347 (N.D.N.Y. Feb. 6, 2008) (Declining to dismiss for failure to prosecute where plaintiff maintained communication with the Court and opposing counsel despite his deportation to Jamaica). Plaintiff also has not responded to the Defendants'

motion to dismiss, which was filed on December 7, 2010.[1]

While the Court could issue an Order to Show Cause directing Plaintiff to explain why this matter should not be dismissed for failure to prosecute pursuant to Federal Rule 41(b), *see* Local Rule 41(b), it is established that Plaintiff is not at his last known address and has not been for over a year. Such an order would therefore be futile. As stated earlier, the Court's last correspondence to Plaintiff, dated March 31, 2010, was returned to the Court by the United States Postal Service as undeliverable. Defendants attach a copy of an envelope addressed to Plaintiff, containing their motion to dismiss dated December 7, 2010, with the following notations: "Return to sender; Attempted–not known; Unable to forward" and "no addressee." (*See* Pl. Supplemental Decl. (Doc. No. 86), Ex. A.) Finally, the fact that Plaintiff notified the Court of his previous address change strongly suggests he was aware of this Court's requirements and his obligations. *See Fenza v. Conklin*, 177 F.R.D. 126, 127 (N.D.N.Y.1998) (stating that plaintiff was "clearly aware" of requirement to inform the Court of a change in address, having done so twice before).

With respect to prejudice, the Second Circuit has held that a "[p]laintiff's duty to due diligence is imposed because of the strong policy favoring prompt disposition of cases." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37 (2d Cir. 1982). "Prejudice to defendants resulting from unreasonable delay may be presumed…but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Id.*, at 43 (citations omitted). Defendants do not argue that they are prejudiced by the delay, nor is prejudice apparent on this record.

---

[1] The Court presumes this is because he did not receive a copy of either the instant motion to dismiss, or the Court's Decision and Order dated March 31, 2010 (Doc. No. 81).

The need to eliminate the court calendar congestion and availability of lesser sanctions both weigh in favor of dismissal. Plaintiff's inability to return lawfully to the United States to participate in person in any possible trial of this case means that the matter will remain pending indefinitely without the possibility of resolution. Under the circumstances of this case, sanctions short of dismissal would obviously be meaningless.

The Court therefore finds it appropriate to dismiss the case for Plaintiff's failure to prosecute and failure to advise of a current address. *See Roach v. Sobal*, No. 92-CV-7355 (TPG), 1999 WL 108612, at *1 (S.D.N.Y. Mar. 2, 1999) (dismissing § 1983 litigation because "plaintiff [was] deported from the United States and could not...legally return..., and because plaintiff has further failed to respond to the instant motion or pursue the action or contact the Court or defendants in any respect for a period of more than six months...."); *Anozie v. United States*, No. 93-CV-5180 (JRB), 1995 WL 362467, at *1 (E.D.N.Y. June 6, 1995) (conditionally dismissing the case unless plaintiff responded within a specified time because he failed to communicate with the Court and did not leave a forwarding address upon his deportation). In light of this determination, Plaintiff's motion for summary judgment is denied as moot. *See Madlock v. Russi*, No. 93-CV-0040E(H), 1994 WL 714484, (W.D.N.Y. Dec. 22, 1994).

## CONCLUSION

For the reasons discussed above, the instant action is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon Plaintiff's failure to prosecute this action, and Rule 5.2(d) of Local Rules of Civil Procedure, based upon his failure to advise the Court of a current address. Defendants' motion to dismiss (Doc. No. 83) is granted, and Plaintiff's motion for summary judgment (Doc. No. 74) is denied. The Court

hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would

not be taken in good faith and leave to appeal to the Court of Appeals as a poor person

is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).


DATED:      August 2, 2011
            Rochester, New York

                        ENTER

                                  /s/ Charles J. Siragusa
                                  CHARLES J. SIRAGUSA
                                  United States District Judge